# EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| IN RE REV GROUP, INC. DERIVATIVE ACTION | Lead Case No. 2:21-cv-283-LA |
|---|---|

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement dated as of December 16, 2021 (the "Stipulation"), is entered into between (a) Melvyn Klein and Travis Voll (together, "Plaintiffs"), and (b) nominal defendant REV Group, Inc. ("REV Group" or the "Company") and defendants Tim Sullivan, Paul Bamatter, Jean Marie Canan, Dino Cusumano, Charles Dutil, Justin Fish, Kim Marvin, Joel Rotroff, and Donn Viola (collectively, the "Individual Defendants" and, together with REV Group, the "Defendants") (Plaintiffs and Defendants shall herein be collectively referred to as the "Parties"), by and through their respective counsel of record, and embodies the terms and conditions of the settlement of the Consolidated Derivative Action.[1] This Stipulation is intended by the Parties to fully, finally, and forever compromise, settle, release, resolve, and dismiss with prejudice the Released Claims (as defined below) upon and subject to the terms and conditions hereof, and this Stipulation contains all of the relevant terms of the settlement of the Consolidated Derivative Action.

## LITIGATION AND SETTLEMENT DISCUSSIONS

1.     REV Group is a Milwaukee-headquartered manufacturer of fire and emergency, commercial, and recreational vehicles.

---

[1] All terms with initial capitalization shall have the meanings ascribed to them in ¶ 14 herein and/or in initial accompanying parentheticals.

2.      On January 3, 2019, plaintiff Melvyn Klein filed a shareholder derivative action styled *Klein v. Sullivan, et. al.*, No. 19-cv-00009 in the U.S. District Court for the District of Delaware (the "Delaware Federal Court") against Defendants (the "*Klein* Action").

3.      On March 20, 2019, plaintiff Travis Voll filed a shareholder derivative action styled *Voll v. Sullivan, et. al.*, No. 19-cv-0543 in the Delaware Federal Court against Defendants (the "*Voll* Action").

4.      On April 9, 2019, the Delaware Federal Court entered an order, to which the parties had jointly stipulated: (i) consolidating the *Klein* Action and the *Voll* Action into *In re REV Group, Inc. Derivative Litigation*, Lead Case No. 1:19-cv-00009-MN (the "Consolidated Derivative Action") (also referred to collectively below as the "Derivative Actions"); (ii) appointing Gainey McKenna & Egleston and The Rosen Law Firm, P.A. as Co-Lead Counsel representing Plaintiffs in the Consolidated Derivative Action; and (iii) continuing a temporary stay of the Consolidated Derivative Action given the pendency of motions to dismiss in the underlying securities class action styled *Bitar v. REV Group, Inc., et al.*, Case No. 2:18-cv-1268 in the U.S. District Court for the Eastern District of Wisconsin (the "Court").

5.      Counsel for Plaintiffs ("Plaintiffs' Counsel") and Counsel for Defendants ("Defendants' Counsel" and, together with Plaintiffs' Counsel, "Counsel") engaged in arm's-length discussions and negotiations regarding a potential resolution of the claims asserted in the Consolidated Derivative Action.

6.      Following these negotiations, the Parties reached an agreement to settle the Consolidated Derivative Action, the terms of which are memorialized in this Stipulation (the "Settlement").

7.     As consideration for the Settlement, REV Group shall institute certain corporate governance enhancements, the terms of which are fully set forth in Exhibit A attached hereto (the "Enhancements").  As a condition of the Settlement, REV Group shall maintain the Enhancements for at least three (3) years.

8.     On March 2, 2021, the Parties informed the Delaware Federal Court that they had reached an agreement in principle to settle the Consolidated Derivative Action, in a joint stipulation in which the Parties consented to a transfer of the Consolidated Derivative Action to this Court, in the interests of judicial efficiency given the impending settlement of the underlying securities litigation also pending before this Court.  The same day, the Derivative Actions were transferred to this Court, becoming *Klein v. Sullivan, et. al.*, No. 2:21-cv-283-LA and *Voll v. Sullivan, et. al.*, No. 2:21-cv-285-LA.

9.     Attorneys' fees and expenses are not the subject of any agreements between the Parties other than what is set forth in this Stipulation.

10.    The Board, in exercising its business judgment, has approved the Settlement and each of its terms, as set forth in this Stipulation, as in the best interests of REV Group.

### SHAREHOLDERS' CLAIMS AND THE SETTLEMENT'S BENEFITS

11.    Plaintiffs believe that the claims asserted in the Consolidated Derivative Action are meritorious.  However, Plaintiffs' Counsel recognize and acknowledge the expense and length of continued proceedings necessary to prosecute the Consolidated Derivative Action against Defendants through trial and possible appeals.  Plaintiffs also have considered the uncertain outcome and the risk of any litigation, especially in complex actions such as the Consolidated Derivative Action, and the difficulties and delays inherent in such litigation.  Accordingly, Plaintiffs believe that the Settlement set forth in this Stipulation is in the best interests of Plaintiffs

and the Company, and that the Consolidated Derivative Action should be settled upon the terms and conditions set forth in this Stipulation.

## DEFENDANTS' DENIAL OF WRONGDOING AND LIABILITY

12. Defendants have denied and continue to deny any and all fault, wrongdoing, and liability for the claims and damages asserted in the Consolidated Derivative Action and believe that their defenses to these claims are meritorious. However, Defendants recognize and acknowledge the expense and length of continued proceedings necessary to defend against the claims asserted in the Consolidated Derivative Action through trial and possible appeals. Defendants also have considered the uncertain outcome and the risk of any litigation, especially in complex actions such as the Consolidated Derivative Action, and the difficulties and delays inherent in such litigation. Accordingly, Defendants believe that the Settlement set forth in this Stipulation is in the best interests of Defendants and the Company, and that the Consolidated Derivative Action should be settled upon the terms and conditions set forth in this Stipulation.

## TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

13. The Parties, by and through their undersigned counsel, have agreed to the settlement, release, and dismissal with prejudice of any and all claims that were asserted, or could have been asserted, against Defendants in or relating to the Consolidated Derivative Action, on the general terms and subject to the conditions set forth below, subject to Court approval.

14. <u>Definitions</u>: As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

    a. "Board" means REV Group's Board of Directors.

    b. "Company" means REV Group.

c. "Court" means the United States District Court for the Eastern District of Wisconsin.

d. "Current REV Group Shareholders" means, for purposes of this Stipulation, any Persons who own REV Group common stock as of the date of this Stipulation and who continue to hold their REV Group common stock as of the date of the Settlement Hearing, excluding the Individual Defendants; the officers and directors of REV Group; members of the immediate families of the Individual Defendants or the officers and directors of REV Group; the legal representatives, heirs, successors, or assigns of the Individual Defendants or the officers and directors of REV Group; and any entities in which the Individual Defendants or the past or present officers or directors of REV Group have or had a controlling interest.

e. "Defendants" means, collectively, the Individual Defendants and nominal defendant REV Group.

f. "Defendants' Counsel" means the law firm of Ropes & Gray LLP.

g. "Derivative Actions" means the *Klein* Action and the *Voll* Action.

h. "Effective Date" means the first date by which all of the events and conditions specified in ¶ 30 herein have been met and have occurred.

i. "Enhancements" means the corporate governance enhancements set forth in Exhibit A hereto.

j. "Fee and Expense Award" means any sum to be paid to Plaintiffs' Counsel for their attorneys' fees and expenses, as detailed in ¶¶ 23 and 24 herein, as approved by the Court.

k. "Final," with respect to the Judgment or any other Court order, means when the last of the following shall occur: (i) the expiration of the time to file a motion to alter or amend the Judgment under Federal Rule of Civil Procedure 59(e) without any such motion having been filed;

(ii) if a motion to alter or amend is filed or if there is an appeal from the Judgment or order, (a) the date of final dismissal of all such motions or appeals, or the final dismissal of any proceeding on certiorari or otherwise, or (b) the date the Judgment or order is finally affirmed on a motion or an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant; or (iii) if no appeal is filed, the expiration date of the time provided for filing or noticing any appeal under the Federal Rules of Appellate Procedure, *i.e.*, thirty (30) days after entry of the Judgment or order. However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to attorneys' fees or expenses shall not in any way delay or affect the time set forth above for the Judgment to become final or otherwise preclude the Judgment from becoming Final.

l. "Individual Defendants" means, collectively, Tim Sullivan, Paul Bamatter, Jean Marie Canan, Dino Cusumano, Charles Dutil, Justin Fish, Kim Marvin, Joel Rotroff, and Donn Viola.

m. "Judgment" means the final order and judgment to be rendered by the Court, substantially in the form attached hereto as Exhibit D.

n. "*Klein* Action" means *Klein v. Sullivan, et. al.*, No. 2:21-cv-283-LA.

o. "Notice to Current REV Group Shareholders" or "Notice" means the notice to Current REV Group Shareholders of the Settlement, substantially in the form attached hereto as Exhibit B.

p. "Parties" means, collectively, Plaintiffs and Defendants.

q. "Person" means an individual, corporation, partnership, limited partnership, limited liability company, association, joint stock company, estate, legal representative, trust,

unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and his, her, or its spouses, heirs, predecessors, successors, representatives, or assignees.

r.    "Plaintiffs" means the proposed "Executrix of the Estate of Melvyn Klein," whose petition is pending in Surrogate Court, Nassau County, State of New York, captioned *Probate Proceeding Will of Melvyn Klein A/K/A/ Mel Klein*, File No. 2021-4126, and "Travis Voll."

s.    "Plaintiffs' Counsel" means the law firms of Gainey McKenna & Egleston and The Rosen Law Firm, P.A., and any other law firm that appeared for Plaintiffs.

t.    "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit C, to be entered by the Court preliminarily approving the Settlement, directing that notice of the Settlement be provided to Current REV Group Shareholders, and scheduling the Settlement Hearing.

u.    "Related Persons" means each and all of a Person's past, present, or future family members, spouses, domestic partners, parents, associates, affiliates, associated entities, subsidiaries, divisions, officers, directors, managing directors, stockholders, owners, members, managers, predecessors, predecessors-in-interest, successors, successors-in-interest, representatives, employees, brokers, dealers, lenders, attorneys, financial or investment advisors, consultants, assigns, underwriters, investment banks or bankers, commercial bankers, insurers, reinsurers, excess insurers, coinsurers, advisors, principals, agents, heirs, executors, trusts, trustees, estates, beneficiaries, distributees, foundations, fiduciaries, general or limited partners or partnerships, joint ventures, affiliated investment funds, affiliated investment vehicles, affiliated investment managers, affiliated investment management companies, member firms, corporations,

personal or legal representatives, administrators, or any other person or entity acting or purporting to act for or on behalf of any Person.

v. "Released Claims" means all claims, debts, disputes, demands, rights, actions or causes of action, liabilities, damages, losses, obligations, sums of money due, judgments, suits, amounts, matters, issues and charges of any kind (including, but not limited to, any claims for interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, amounts or liabilities whatsoever), and claims for relief of every nature and description whatsoever, including both known claims and Unknown Claims (as defined in ¶ 14(cc) herein), whether fixed or contingent, accrued or unaccrued, liquidated or unliquidated, at law or in equity, matured or unmatured, discoverable or undiscoverable, foreseen or unforeseen, including those that are concealed or hidden, regardless of legal or equitable theory, whether direct, derivative, individual, class, or representative, and whether arising under federal or state statutory or common law or any other law, rule, ordinance, administrative provision or regulation, whether foreign or domestic, that Plaintiffs, REV Group, or any REV Group shareholder: (i) asserted in any of the complaints in the Derivative Actions; (ii) could have asserted in the Derivative Actions or in any other forum that arise out of or are based upon, related to, directly or indirectly, in whole or in part, or are in consequence of any of the allegations, transactions, facts, matters, events, disclosures, alleged non-disclosures, occurrences, representations, statements, alleged acts or omissions, alleged failures to act, alleged concealment, sale(s) of stock, or circumstances that were involved, set forth, or referred to in any of the complaints filed in the Derivative Actions; (iii) that would have been barred by *res judicata* had any of the Derivative Actions been litigated to a final judgment; or (iv) arise out of, relate to, or concern the defense, settlement, or resolution of the Derivative Actions. For the avoidance of doubt, the Released Claims do not include any direct claims on behalf of

present or former Company stockholders that were prosecuted in the Wisconsin Federal Securities Litigation. Nothing herein shall in any way impair or restrict the rights of any Party to enforce the terms of this Stipulation.

w. "Released Defendants' Claims" means all claims, demands, rights, liabilities, losses, obligations, duties, damages, costs, debts, expenses, interest, penalties, sanctions, fees, attorneys' fees, actions, potential actions, causes of action, suits, judgments, decrees, matters, as well as issues and controversies of any kind, whether known or unknown, whether disclosed or undisclosed, whether accrued or unaccrued, apparent or unapparent, foreseen or unforeseen, suspected or unsuspected, fixed or contingent, whether based on federal, state, local, statutory, or common law or any other law, rule, or regulation, including Unknown Claims, as defined in ¶ 14(cc) herein, that have been or could have been asserted in the Consolidated Derivative Action or any forum by Defendants or Released Parties against any of Plaintiffs and Plaintiffs' Counsel, which arise out of or are related in any way to the institution, prosecution, defense, or settlement of the Consolidated Derivative Action; provided, however, that the Released Defendants' Claims shall not include the right to enforce this Stipulation.

x. "Released Parties" means, whether or not each or all of the following persons or entities were named in the Consolidated Derivative Action or any related suit: (i) any and all Defendants (including REV Group and the Individual Defendants) and any and all present or former directors or officers of REV Group; (ii) any person or entity which is, was, or will be related to or affiliated with any or all of Defendants or in which any or all of Defendants has, had, or will have a controlling interest, including AIP CF IV, LLC; AIP, LLC; American Industrial Partners Capital Fund IV, LP; American Industrial Partners Capital Fund IV (Parallel), LP; AIP/CHC

Holdings, LLC; AIP/CHC Investors, LLC; and any affiliates of the foregoing; and (iii) the Related Persons of each and all of the foregoing.

y. "REV Group" means REV Group, Inc.

z. "Settlement" means the resolution of the Consolidated Derivative Action on the terms and conditions set forth in this Stipulation.

aa. "Settlement Hearing" means the hearing by the Court to review the adequacy, fairness, and reasonableness of the Settlement set forth in this Stipulation and to determine (i) whether to enter the Judgment; (ii) the amount of any award of attorneys' fees and expenses; and (iii) all other matters properly before the Court.

bb. "Stipulation" means this Stipulation and Agreement of Settlement, dated December 16, 2021.

cc. "Unknown Claims" means any claims that a Person releasing claims does not know or suspect exist in their favor at the time of the release of the Released Claims (or such other claims) as against the Released Parties (or such other Related Persons), including those claims which, if known, might have affected the decision to enter into this Stipulation. With respect to any of the Released Claims, the Parties stipulate and agree that, upon final approval of the Settlement by the Court, Plaintiffs shall expressly have waived, relinquished, and released any and all provisions, rights, and benefits conferred by or under California Civil Code § 1542 or any law of the United States or any state of the United States, or principle of common law, that is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

Plaintiffs acknowledge, and the Current REV Group Shareholders by operation of law shall be deemed to have acknowledged, that they may discover facts in addition to or different from those now known or believed to be true with respect to the Released Claims, but that it is the intention of Plaintiffs to completely, fully, finally, and forever extinguish any and all Released Claims, known or unknown, suspected or unsuspected, which now exist, or previously existed, or may hereafter exist, and without regard to the subsequent discovery of additional or different facts. Plaintiffs acknowledge that the inclusion of "Unknown Claims" in the definition of "Released Claims" was separately bargained for, was a material element of the Settlement, and was relied upon by each and all of Defendants in entering into this Stipulation.

dd. "*Voll* Action" means *Voll v. Sullivan, et. al.*, No. 2:21-cv-285-LA.

ee. "Wisconsin Federal Securities Litigation" means the consolidated securities class action styled *Bitar v. REV Group, Inc., et al.*, Case No. 2:18-cv-1268, pending in this Court.

15. In connection with the Consolidated Derivative Action, and without admitting any alleged wrongdoing, the Company will make the Enhancements set forth in Exhibit A to this Stipulation. No later than sixty (60) days after issuance of a Final Court order approving the Settlement of the Consolidated Derivative Action, the Board shall adopt resolutions and amend Board committee charters and/or applicable Company policies and procedures to ensure adherence to the Enhancements, which shall remain in effect for no less than three (3) years. However, REV Group shall not be required to implement or maintain the Enhancements to the extent that, at any point within such three (3) years: (1) REV Group ceases to be a public company that is required to file reports with the United States Securities and Exchange Commission (the "SEC"); (2) doing so conflicts (now or in the future) with any rule, law, or regulation, including regulations of any stock exchange on which REV Group securities are listed; or (3) if a majority of the non-

management members of the Company's Board determines in the good faith exercise of their business judgment that doing so is not in the best interests (now or in the future) of the Company and its shareholders or other stakeholders (although the limits in (2) and (3) shall not affect or eliminate REV Group's obligations to implement and/or maintain any remaining Enhancements that do not create any such conflicts). In the event the Company's Board makes such a determination during the three (3) years, the Board shall: (i) state the basis for its determination in a formal resolution; (ii) adopt a modified or substitute measure that is reasonably designed to accomplish substantially the same objective; and (iii) cause REV Group to disclose such determination and the modified substituted measure in a filing with the SEC. Defendants acknowledge that the filing and prosecution of the Consolidated Derivative Action was the primary factor in the Company's decision to adopt and implement the Enhancements. REV Group acknowledges and agrees that the filing, pendency, and settlement of the Consolidated Derivative Action was the primary factor in the Company's decision to adopt and implement the Enhancements. REV Group also acknowledges and agrees that the Enhancements confer a substantial benefit to REV Group and REV Group's shareholders.

## SETTLEMENT ADMINISTRATION

16. As soon as practicable after execution of this Stipulation, Plaintiffs shall submit this Stipulation, together with its exhibits, to the Court and apply for entry of the Preliminary Approval Order in this Court, substantially in the form of Exhibit C attached hereto, requesting, *inter alia*: (i) preliminary approval of the Settlement set forth in this Stipulation; (ii) approval of the method of providing notice of the proposed Settlement to Current REV Group Shareholders; (iii) approval of the form of notice substantially in the form of Exhibit B attached hereto; and (iv) a date for the Settlement Hearing.

17.     REV Group shall undertake the administrative responsibility for giving notice of the Settlement to Current REV Group Shareholders in the manner set forth in this paragraph. Defendants shall be responsible for providing such Notice or any notice that is required by the Court.  As soon as practicable after the Court's entry of the Preliminary Approval Order, REV Group shall post the Notice on the investor relations portion of REV Group's corporate website and shall cause the Notice to be filed with the SEC along with an SEC Form 8-K.  The Parties believe the content of the Notice and the notice procedures set forth in this paragraph constitute adequate and reasonable notice to Current REV Group Shareholders pursuant to applicable law and due process.

18.     Plaintiffs shall request that the Court hold the Settlement Hearing at least forty-five (45) calendar days after the deadline to provide notice of the Settlement as described in ¶ 17 above to Current REV Group Shareholders, to approve the Settlement.  At the Settlement Hearing and as provided in ¶ 23, Plaintiffs' Counsel will also apply to the Court for an award of attorneys' fees and expenses, together with a reasonable service award to each Plaintiff ("Service Awards")  to be paid from any Court awarded attorneys' fees and expenses.

19.     Pending the Court's determination as to the final approval of the Settlement, Plaintiffs and Plaintiffs' Counsel, and any Current REV Group Shareholders, derivatively on behalf of REV Group, are barred and enjoined from commencing, prosecuting, instigating, or in any way participating in the commencement or prosecution of any action asserting any Released Claims against any of the Released Parties in any court or tribunal.

## RELEASES

20.     Upon the Effective Date, REV Group, Plaintiffs, and each of the Current REV Group Shareholders shall be deemed to have, and by operation of the Judgment shall have, fully,

finally, and forever released, relinquished, and discharged the Released Claims against the Released Parties and their Related Persons.  REV Group, Plaintiffs, and each of the Current REV Group Shareholders shall be deemed to have, and by operation of the Judgment shall have, covenanted not to sue any Released Party or any of their Related Persons with respect to any Released Claims, and shall be permanently barred and enjoined from instituting, commencing, or prosecuting the Released Claims against any Released Party or any of their Related Persons or Defendants' Counsel except to enforce the releases and other terms and conditions contained in this Stipulation and/or the Judgment entered pursuant thereto.

21.     Upon the Effective Date, each of REV Group and the Individual Defendants shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged each and all of Plaintiffs and Plaintiffs' Counsel from the Released Defendants' Claims.  REV Group and the Individual Defendants shall be deemed to have, and by operation of the Judgment shall have, covenanted not to sue Plaintiffs or Plaintiffs' Counsel with respect to any Released Defendants' Claims, and shall be permanently barred and enjoined from instituting, commencing, or prosecuting Released Defendants' Claims against Plaintiffs or Plaintiffs' Counsel except to enforce the releases and other terms and conditions contained in this Stipulation and/or the Judgment entered pursuant thereto.

22.     Nothing herein shall in any way release, waive, impair, or restrict the rights of any of the Parties to enforce the terms of this Stipulation.

## PLAINTIFFS' COUNSEL'S ATTORNEYS' FEES AND EXPENSES

23.     After negotiating the Enhancements, Plaintiffs' Counsel and Defendants' Counsel separately negotiated the amount of attorneys' fees and expenses to be paid to Plaintiffs' Counsel in recognition of the benefit provided to REV Group and REV Group's shareholders due to the

Enhancements. The Parties have agreed that Plaintiffs' Counsel shall apply to the Court for an award of attorneys' fees and expenses (the "Fee and Expense Award") in the amount of three hundred sixty thousand dollars ($360,000.00), which shall be Plaintiffs' Counsel's sole application for an award of fees and expenses in connection with the Consolidated Derivative Action. Any failure by the Court to approve the amount of such fees and/or expenses, or the Service Awards referenced in ¶ 29 hereof, shall not affect the finality or the validity of the Settlement. Plaintiffs and Plaintiffs' Counsel may not cancel or terminate this Stipulation or the Settlement based on the Court's or any appellate court's ruling with respect to attorneys' fees, expenses, or Service Awards.

24. Defendants shall cause the Fee and Expense Award to be paid, to the extent approved by the Court, into an escrow account designated by Plaintiffs' Counsel (the "Escrow Account"), for Plaintiffs' Counsel's attorneys' fees and expenses. Defendants shall fund the Escrow Account with the Fee and Expense Award within twenty (20) Business days of the later of: (a) the Court's entry of an order preliminarily approving the Settlement; or (b) the transmission to Defendants' Counsel of payee information for that account, including the tax identification number, Form W-9, and other information that may be required by Defendants. No fees or expenses shall be paid to Plaintiffs' Counsel pursuant to this Stipulation absent approval by the Court of a complete release of all Released Parties and their Related Persons, in the form provided herein.

25. The Fee and Expense Award shall remain in the Escrow Account until the entry of an order approving the Fee and Expense Award, at which time the Fee and Expense Award shall immediately be releasable to Plaintiffs' Counsel, notwithstanding the existence of any timely filed objections thereto or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof. Should the Court order the payment of attorneys' fees and expenses to Plaintiffs'

Counsel in an amount less than the agreed Fee and Expense Award prior to, or at the time of, entry of the Judgment, then only the Court-approved amount shall be released to Plaintiffs' Counsel. Any amounts remaining in the Escrow Account shall be returned to Defendants within twenty (20) calendar days of entry of the Judgment or a final judgment after any appeal is concluded.

26.     Payment of the Fee and Expense Award in the amount approved by the Court shall constitute final and complete payment for Plaintiffs' Counsel's attorneys' fees and expenses that have been incurred or will be incurred in connection with the filing and prosecution of the Derivative Actions and the Consolidated Derivative Action and the resolution of the claims alleged therein. Defendants and Defendants' Counsel shall have no responsibility for the allocation or distribution of the Fee and Expense Award amongst Plaintiffs' Counsel. Defendants shall have no obligation to make any payment to any Plaintiffs' Counsel other than as provided in ¶¶ 23 and 24 herein.

27.     If for any reason any condition in ¶ 30 is not met and the Effective Date of this Stipulation does not occur, if the Stipulation is in any way cancelled or terminated, if the Fee and Expense Award does not become Final, the Fee and Expense Award is reduced or reversed, or if the Judgment is reversed on appeal, then each of Plaintiffs' Counsel and their successors shall be obligated to repay to Defendants, within twenty (20) calendar days, any portion of the Fee and Expense Award that Plaintiffs' Counsel received and that was ultimately not awarded to them.

28.     Except as otherwise provided herein, each of the Parties shall bear his, her, or its own costs and attorneys' fees.

29.     Based on the results of the Consolidated Derivative Action, Plaintiffs' Counsel will request Court approval for reasonable Service Awards for Plaintiffs not to exceed $5,000 each,

which Defendants will not oppose. Subject to Court approval, the Service Awards to Plaintiffs shall be funded from the Fee and Expense Award.

## CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION, OR TERMINATION

30. The Effective Date of the Stipulation shall be conditioned on the occurrence of all of the following events:

   a. the entry of the Preliminary Approval Order, in substantially the form attached as Exhibit C hereto;

   b. the Court's entry of the Judgment, in substantially the form attached as Exhibit D hereto;

   c. the payment of the Fee and Expense Award in accordance with ¶¶ 23 and 24 herein; and

   d. the Judgment has become Final.

31. If any of the conditions specified in ¶ 30 are ultimately not met, then the Stipulation shall be cancelled and terminated subject to ¶ 33, and Plaintiffs and Defendants shall be restored to their respective positions in the Consolidated Derivative Action as of the date immediately preceding the date of this Stipulation unless Plaintiffs' Counsel and Defendants' Counsel mutually agree in writing to proceed with this Stipulation.

32. Each of the Parties shall have the right to terminate the Settlement by providing written notice of their election to do so to all other Parties within twenty (20) calendar days of the date on which: (a) the Court refuses to approve this Stipulation, or the terms contained herein, in any material respect; (b) the Preliminary Approval Order is not entered in substantially the form attached as Exhibit C hereto; (c) the Judgment is not entered in substantially the form attached as Exhibit D hereto; (d) the Judgment is reversed or substantially modified on appeal, reconsideration,

or otherwise; (e) the payment of the Fee and Expense Award in accordance with ¶¶ 23 and 24 herein is not made; or (f) the Effective Date of the Settlement cannot otherwise occur; except that such termination shall not be effective unless and until the terminating Party has, within twenty (20) calendar days of the date on which notice of the termination event has been provided to all other Parties, attempted in good faith to confer with the other Parties to attempt to remedy the issue. Any order or proceeding related to the Fee and Expense Award, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to cancel this Stipulation, allow for the termination of the Settlement, or affect or delay the finality of the Judgment approving the Settlement.

33. In the event that this Stipulation is not approved by the Court, or the Settlement is terminated for any reason, including pursuant to ¶ 32 above, Plaintiffs and Defendants shall be restored to their respective positions as of the date immediately preceding the date of this Stipulation, and all negotiations, proceedings, documents prepared, and statements made in connection herewith shall be without prejudice to the Parties, shall not be deemed or construed to be an admission by any of the Parties of any act, matter, or proposition, and shall not be used in any manner for any purpose in any subsequent proceeding in the Consolidated Derivative Action or in any other action or proceeding. In such event, the terms and provisions of this Stipulation, with the exception of ¶¶ 14, 27, 33, 40–55 herein shall have no further force and effect with respect to the Parties and shall not be used in the Consolidated Derivative Action or in any other action or proceeding for any purpose, and any judgment or orders entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

**BANKRUPTCY**

34.     In the event any proceedings by or on behalf of REV Group, whether voluntary or involuntary, are initiated under any chapter of the United States Bankruptcy Code, including any act of receivership, asset seizure, or similar federal or state law action ("Bankruptcy Proceedings"), the Parties agree to use their reasonable best efforts to obtain all necessary orders, consents, releases, and approvals for effectuation of this Stipulation in a timely and expeditious manner.

35.     In the event of any Bankruptcy Proceedings by or on behalf of REV Group, the Parties agree that all dates and deadlines set forth herein will be extended for such periods of time as are necessary to obtain necessary orders, consents, releases, and approvals from the bankruptcy court to carry out the terms and conditions of this Stipulation.

## MISCELLANEOUS PROVISIONS

36.     The Parties: (a) acknowledge that it is their intent to consummate this Stipulation; and (b) agree to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Stipulation and to exercise their best efforts to accomplish the foregoing terms and conditions of this Stipulation.

37.     Any planned, proposed, or actual sale, merger, or change-in-control of REV Group shall not void this Stipulation.  This Stipulation shall run to the Parties' respective successors-in-interest.  In the event of a planned, proposed, or actual sale, merger, or change-in-control of REV Group, the Parties shall continue to seek Court approval of the Settlement expeditiously, including but not limited to the Settlement terms reflected in this Stipulation and the Fee and Expense Award.

38.     The Parties agree that the terms of the Settlement were negotiated in good faith and at arm's-length by the Parties and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with competent legal counsel.  The Parties shall not take the position that the litigation was brought or defended in bad faith.  The Parties and their

Case 2:21-cv-00283-LA   Filed 01/14/22   Page 20 of 56   Document 30-1

respective counsel agree that: (i) throughout the course of the litigation, all Parties and their counsel complied with Rule 11 of the Federal Rules of Civil Procedure in connection with the maintenance, prosecution, defense, and settlement of the Consolidated Derivative Action; and (ii) they shall not make any application for sanctions, pursuant to Rule 11 or other court rule or statute, with respect to any claim or defense in the Consolidated Derivative Action.

39.    While maintaining their positions that the claims and defenses asserted in the Consolidated Derivative Action are meritorious, Plaintiffs and Plaintiffs' Counsel, on the one hand, and Defendants and Defendants' Counsel, on the other, shall not make any public statements or statements to the media (whether or not for attribution) that disparage the Settlement or any of the others' business, conduct, or reputation, or that of their counsel, based on the subject matter of the Consolidated Derivative Action.  Notwithstanding the foregoing, each of the Parties reserves their right to rebut, in a manner that such Party determines to be reasonable and appropriate, any contention made in any public forum that the Derivative Actions were brought or defended in bad faith or without a reasonable basis.

40.    Whether or not the Settlement is approved by the Court, and whether or not the Settlement is consummated, the fact and terms of this Stipulation, including any exhibits attached hereto, all proceedings in connection with the Settlement, and any act performed or document executed pursuant to or in furtherance of this Stipulation or the Settlement:

a.    shall not be offered, received, or used in any way against the Parties as evidence of, or be deemed to be evidence of—or a presumption, concession, or admission by any of the Parties with respect to the truth of—any fact alleged by Plaintiffs or the validity, or lack thereof, of any claim that has been or could have been asserted in the Derivative Actions or in any litigation, or the deficiency, infirmity, or validity of any defense that has been or could have been asserted in

the Derivative Actions or in any litigation, or of any fault, wrongdoing, negligence, or liability of any of the Released Parties;

b.   shall not be offered, received, or used in any way against any of the Released Parties as evidence of, or be deemed to be evidence of, a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved, issued, or made by any Released Party;

c.   shall not be offered, received, or used in any way against any of the Released Parties as evidence of, or be deemed to be evidence of, a presumption, concession, or admission of any liability, fault, negligence, omission or wrongdoing, or in any way referred to for any other reason as against the Released Parties, in any arbitration proceeding, or in any other civil, criminal, or administrative action or proceeding in any court, administrative agency, or other tribunal; and

d.   shall not be offered, received, or used in any way against Plaintiffs or Plaintiffs' Counsel as evidence of, or be deemed to be evidence of, a presumption, concession, or admission that any of Plaintiffs' claims are without merit or that Plaintiffs would not have been able to prevail on their claims at trial.

41.      Neither this Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of this Stipulation, or the Settlement, shall be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement; provided, however, that the Released Parties may refer to the Settlement, and file this Stipulation and/or the Judgment, in any action that may be brought against them to effectuate the liability protections granted them hereunder, including, without limitation, to support a defense or claim based on principles of *res judicata*, collateral estoppel, full faith and credit, release, standing, good faith settlement, judgment

bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or claim under U.S. federal or state law or foreign law.

42.     The exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.

43.     This Stipulation may be amended or modified only by a written instrument signed by or on behalf of all of the Parties or their respective successors-in-interest. After prior notice to the Court, but without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any provisions of this Stipulation.

44.     This Stipulation and the exhibits attached hereto represent the complete and final resolution of all disputes among the Parties with respect to the Consolidated Derivative Action, constitute the entire agreement among the Parties with respect to the Consolidated Derivative Action, and supersede any and all prior negotiations, discussions, agreements, or undertakings, whether oral or written, with respect to such matters.

45.     The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation. The provisions of this Stipulation may not be waived except by a writing signed by the affected Party, or counsel for that Party.

46.     The headings in this Stipulation and its exhibits are used for the purpose of convenience only and are not meant to have legal effect.

47.     This Stipulation and the Settlement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties and their Related Persons.

48. No representations, warranties, or inducements have been made to any Party concerning this Stipulation or its exhibits other than the representations, warranties, and covenants contained and memorialized in such documents.

49. This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, the Parties recognizing that this Stipulation is the result of arm's-length negotiations among the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

50. Nothing in this Stipulation, the Settlement or the negotiations or proceedings relating to the Settlement is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, the attorney-client privilege, the joint defense privilege, the accountants' privilege, or work product immunity; further, all information transmitted between Plaintiffs' Counsel and Defendants' Counsel in connection with the Settlement shall be kept confidential and shall be inadmissible in any proceeding in any U.S. federal or state court or other tribunal or otherwise, in accordance with Rule 408 of the Federal Rules of Evidence as if such Rule applied in all respects in any such proceeding or forum.

51. The Parties intend that the Court retain jurisdiction for the purpose of effectuating and enforcing the terms of the Settlement.

52. Any notice required by this Stipulation shall be submitted by overnight mail and email to each of the signatories below.

53. This Stipulation may be executed in one or more counterparts, each of which constitutes an original, including by signature transmitted via facsimile, or by email. All executed counterparts and each of them shall be deemed to be one and the same instrument.

54.     Each counsel or other person executing this Stipulation or its exhibits on behalf of any Party hereby warrants that such person has full authority to do so.

55.     Plaintiffs each represent and warrant that he is a Current REV Group Shareholder and has not assigned any of the Released Claims.

**IN WITNESS WHEREOF**, the Parties have caused this Stipulation to be executed, by their duly authorized attorneys, as of December 16, 2021.

**ROPES & GRAY LLP**

RANDALL W. BODNER
MARK A. CIANCI
ROPES & GRAY LLP
Prudential Tower, 800 Boylston Street
Boston, MA 02199
Telephone: (617) 951-7000
Facsimile: (617) 951-7050
randall.bodner@ropesgray.com
mark.cianci@ropesgray.com

ANNE JOHNSON PALMER
ROPES & GRAY LLP
Three Embarcadero Center
San Francisco, CA 94111-4006
Telephone: (415) 315-6300
Facsimile: (415) 315-6350
anne.johnsonpalmer@ropesgray.com

von BRIESEN & ROPER, S.C.
SUSAN E. LOVERN
KELLY J. NOYES
DEREK J. WATERSTREET
411 E. Wisconsin Avenue, Suite 1000
Milwaukee, Wisconsin 53202
Telephone: (414) 276-1122
Facsimile: (414) 276-6281
slovern@vonbriesen.com
knoyes@vonbriesen.com
dwaterstreet@vonbriesen.com

*Counsel for Defendants REV Group Inc., Tim
Sullivan, Paul Bamatter, Jean Marie Canan,
Dino Cusumano, Charles Dutil, Justin Fish,
Kim Marvin, Joel Rotroff, and Donn Viola*

**GAINEY MCKENNA & EGLESTON**

*Thomas J. McKenna*

THOMAS J. MCKENNA
GREGORY M. EGLESTON
GAINEY MCKENNA & EGLESTON
501 Fifth Avenue, 19th Floor
New York, NY 10017
Telephone: (212) 983-1300
Facsimile: (212) 983-0383
tjmckenna@gme-law.com
gegleston@gme-law.com

*Co-Lead Counsel*

**THE ROSEN LAW FIRM, P.A.**

PHILLIP KIM
ERICA STONE
THE ROSEN LAW FIRM, P.A.
275 Madison Avenue, 40th Floor
New York, NY 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
pkim@rosenlegal.com
estone@rosenlegal.com

*Co-Lead Counsel*

# EXHIBIT A

| IN RE REV GROUP, INC. DERIVATIVE ACTION | Lead Case No. 2:21-cv-283-LA |
|---|---|

## CORPORATE GOVERNANCE TERM SHEET

No later than sixty (60) days after issuance of a final order approving the settlement of the above-referenced consolidated derivative action (the "Consolidated Derivative Action") by the United States District Court for the Eastern District of Wisconsin (or, if the Consolidated Derivative Action is not transferred, the United States District Court for the District of Delaware), the Board of Directors ("Board") of REV Group, Inc. ("REV" or the "Company") shall adopt resolutions and amend Board committee charters and/or applicable Company policies and procedures to ensure adherence to the following changes, modifications, and improvements to the Company's corporate governance practices (the "Enhancements"), which shall remain in effect for no less than three (3) years.

REV acknowledges and agrees that the filing, pendency, and settlement of the Consolidated Derivative Action was the primary factor in the Company's decision to adopt and implement the Enhancements. REV also acknowledges and agrees that the Enhancements confer substantial benefits to REV and REV's shareholders.

## CORPORATE GOVERNANCE ENHANCEMENTS

**1.     ENHANCEMENTS TO THE AUDIT COMMITTEE CHARTER**

REV shall adopt a resolution to amend the Audit Committee Charter. The amended Audit Committee Charter shall be posted on the Company's website. The Audit Committee Charter shall be amended as follows:

(a)     The Audit Committee shall meet at least quarterly and in separate executive sessions with the Company's General Counsel (or his designee within the Legal department);

(b)     The Audit Committee shall review the Code of Conduct at least annually;

(c)     The Audit Committee shall on a quarterly basis solicit the input of department representatives as necessary to review the accuracy of public disclosures related to issues within their expertise, including, without limitation: (i) operations, enterprise risks, and compliance matters that may have a material impact on the Company's operational performance, financial health, balance of risk, stability, or liquidity, (ii) information related to the Company's product

offerings, or (iii) any other matter required to be disclosed under state and federal securities laws and regulations;

(d)     The Audit Committee shall have free access to management and Company employees for the purpose of discharging its responsibilities;

(e)     In reviewing the Company's earnings releases and financial guidance, the Audit Committee shall evaluate the risk factor disclosures accompanying the Company's forward-looking statements and discuss those disclosures with management;

(f)     The Audit Committee shall, at least annually, review and discuss with management the risks associated with the Company's business, including any risks relative to REV's compliance with applicable laws and regulations related to the Company's public disclosures regarding its business prospects;

(g)     The Audit Committee shall receive annually a report listing all trades in REV securities engaged in by Company officers; and

(h)     The Audit Committee shall compile a list of potential independent auditors and conduct the necessary preemptive due diligence to ensure that the Company is not without a registered independent auditor for more than thirty (30) days upon the resignation or termination of its current registered independent auditor.

2.     **WHISTLEBLOWERS**

While the Company has current mechanisms in place to facilitate anonymous reporting of any suspected violations of law, the Company's Code of Conduct, or Company policy, and while REV provides information relating to such reporting in its "Speak Up Policy," it shall take further steps to actively incentivize such positive behavior.

The Company shall amend its Speak Up Policy to include provisions incentivizing and protecting (beyond the anti-retaliation provisions in the Company's Speak Up Policy) whistleblowers, and it shall include such policy on the Company's website.  Specifically, the Company's Speak Up Policy shall be amended to:

(a)     clarify that reports can be submitted anonymously through the Company's third-party whistleblower website portal (with the portal itself updated to indicate that reports can be submitted anonymously);

(b)     specify that any reports or complaints will be reviewed by the General Counsel (or his designee within the Legal department) and presented to the Board (including the Audit Committee) as appropriate;

(c)     state that the Company values highly and factors into its performance evaluations the values, business standards, and ethical standards of the Company; and

(d)     state more expressly that it is both illegal and against REV's policy to discharge, demote, suspend, threaten, intimidate, harass, or in any manner discriminate against whistleblowers.

The Company shall remind employees about the Speak Up Policy at least once per year.

## 3.     EMPLOYEE TRAINING

REV shall amend its Corporate Governance Guidelines to require that REV formally institute annual employee training at REV, as follows:

(a)     Annual training shall be mandatory for all employees of REV and shall include coverage of the Company's Code of Conduct and its policies regarding anti-harassment and anti-discrimination;

(b)     For all employees with responsibilities relating to the Company's public disclosures, annual training for those employees shall cover risk assessment, compliance, and the laws and regulations regarding public disclosures; and

(c)     Training shall be conducted either in person, or via interactive, computer-based internet modules. Upon completion of training, the company will receive electronic and/or written confirmation that the trainee completed the training, and the trainee shall certify their attendance at the training and their receipt and review of the policies covered. Such confirmations and certifications shall be maintained by the Company for at least five (5) years from the date of completion. All electronic training on the Company's Code of Conduct will include a requirement that the trainee check a box indicating that all known or suspected violations of the Code of Conduct, and any and all known or suspected conflicts of interest, have been reported as set forth in the Company's Speak Up Policy. Where individuals are hired after the annual training for a particular year, all new employees with computer access will complete a training session within ninety (90) days of their hiring via interactive, computer-based internet modules; for hourly employees without computer access, those employees will receive copies of the Company's policies and will be scheduled to participate in the next mandatory annual training session.

## 4.     DIRECTOR EDUCATION

REV shall amend its Corporate Governance Guidelines as necessary to require that each member of the Board annually attend at least four (4) hours of continuing education programs designed for directors of publicly-traded companies. Such training may include coverage of rules and regulations regarding public disclosures, Generally Accepted Accounting Principles, the Sarbanes Oxley Act, standards governing internal controls over financial reporting, including those promulgated in the Committee of Sponsoring Organizations of the Treadway Commission Framework, corporate governance, assessment of risk, compliance auditing, and reporting requirements for publicly-traded corporations.

**5.** **ENHANCED PUBLICATION AND VISIBILITY OF THE COMPANY'S RELATED PERSON TRANSACTION POLICY AND INSIDER TRADING POLICY**

The Company previously adopted a written Related Person Transaction Policy to assist the Company in "reviewing, approving and ratifying transactions with related persons." The Company shall make the Related Person Transaction Policy conspicuously available on the Company's website so that employees and investors can easily access it.

REV has an Insider Trading Policy that was put in effect on January 27, 2017 and was last reviewed in June 2020. The Company's current Insider Trading Policy shall be made publicly available on the Company's website. The Company shall review the Insider Trading Policy at least once every twenty-four (24) months to consider whether any amendments are appropriate.

**6.** **EXECUTIVE REPORTS**

At least biannually at a regularly scheduled Board meeting, the CFO and CEO shall each report to the Board (or shall be present at the meeting when designees report to the Board on their behalf) about the Company's operations, financial condition, and prospects.

# EXHIBIT B

| | |
|---|---|
| IN RE REV GROUP, INC. DERIVATIVE ACTION | Lead Case No. 2:21-cv-283-LA |

## NOTICE OF PROPOSED SETTLEMENT OF DERIVATIVE ACTION AND SETTLEMENT HEARING

TO:  **ALL OWNERS OF REV GROUP, INC. ("REV GROUP" OR THE "COMPANY") COMMON STOCK (TICKER SYMBOL: REVG) AS OF DECEMBER 16, 2021, WHO CONTINUE TO OWN SUCH SHARES ("CURRENT REV GROUP SHAREHOLDERS").**

PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. THIS NOTICE RELATES TO A PROPOSED SETTLEMENT AND DISMISSAL OF SHAREHOLDER DERIVATIVE LITIGATION AND CONTAINS IMPORTANT INFORMATION REGARDING YOUR RIGHTS.

YOUR RIGHTS MAY BE AFFECTED.

IF THE COURT APPROVES THE SETTLEMENT AND DISMISSAL OF THE DERIVATIVE ACTION, REV GROUP SHAREHOLDERS WILL BE FOREVER BARRED FROM CONTESTING THE APPROVAL OF THE PROPOSED SETTLEMENT AND FROM PURSUING RELEASED CLAIMS.

THIS ACTION IS NOT A "CLASS ACTION." THUS, THERE IS NO COMMON FUND UPON WHICH YOU CAN MAKE A CLAIM FOR A MONETARY PAYMENT.

On December 16, 2021, Plaintiffs, REV Group, in its capacity as a nominal defendant, and the Individual Defendants entered into a Stipulation and Agreement of Settlement (the "Stipulation") to settle the shareholder derivative actions[1] styled *Klein v. Sullivan*, et. al., No. 2:21-cv-283-LA and *Voll v. Sullivan*, et. al., No. 2:21-cv-285-LA, consolidated as *In re REV Group, Inc. Derivative Action*, Lead Case No. 2:21-cv-283-LA (together, the "Consolidated Derivative Action") filed derivatively on behalf of REV Group and now pending in the United States District Court for the Eastern District of Wisconsin (the "Court"). The Settlement, which is subject to the approval of the Court, is intended by the Parties to fully, finally, and forever compromise, settle, release, resolve, and dismiss with prejudice the Released Claims upon and subject to the terms and conditions set forth in the Stipulation. The proposed Settlement requires the Company to adopt

---

[1] A derivative action is an action brought by a shareholder on behalf of a company, rather than on behalf of himself or herself or the other shareholders of the company. The recovery sought in a derivative action is for the benefit of the company rather than directly for individual shareholders.

certain corporate governance enhancements, as outlined in Exhibit A to the Stipulation, and provides that the Defendants shall cause their insurers to pay a Fee and Expense Award to Plaintiffs' Counsel of three hundred and sixty thousand dollars ($360,000.00) and that Plaintiffs' Counsel may also move the Court to approve Service Awards to each Plaintiff, to be paid from the Fee and Expense Award of up to $5,000 each.

This notice is a summary only and does not describe all of the details of the Stipulation. For full details of the matters discussed in this summary, please see the full Stipulation by visiting the Investor Relations portion of REV Group's website at https://investors.revgroup.com/, reviewing REV Group's U.S. Securities and Exchange Commission ("SEC") filings, contacting Plaintiffs' Counsel at the address listed below, or inspecting the full Stipulation filed with the Clerk of the Court. All capitalized terms used in this Notice, unless otherwise defined below, have the same meanings used in the Stipulation.

Summary

On _____, 202_, the Court entered an order preliminarily approving the Stipulation and the Settlement contemplated therein (the "Preliminary Approval Order") and providing for the notice of the Settlement to be made to Current REV Group Shareholders. The Preliminary Approval Order further provides that the Court will hold a hearing (the "Settlement Hearing") on _____, 202_ at __:__ _.m. before the Honorable Lynn Adelman, in Courtroom 390 of the United States Federal Building and Courthouse, 517 E. Wisconsin Avenue, Room 362, Milwaukee, Wisconsin, 53202, with the discretion to proceed telephonically or remotely to, among other things: (i) determine whether the proposed Settlement is fair, reasonable and adequate and in the best interests of the Company and its shareholders; (ii) consider any objections to the Settlement submitted in accordance with this Notice; (iii) determine whether a judgment should be entered dismissing all claims in the Consolidated Derivative Action with prejudice, and releasing the Released Claims against the Released Persons (the "Judgment"); (iv) consider the payment to Plaintiffs' Counsel of attorneys' fees and expenses; (v) consider the payment of Service Awards to Plaintiffs, which shall be funded from the attorneys' fees and expenses awarded by the Court; and (vi) consider any other matters that may properly be brought before the Court in connection with the Settlement.

Pursuant to the Judgment, REV Group, Plaintiffs, and each of the Current REV Group Shareholders shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever compromise, settle, release, resolve, and dismiss with prejudice the Released Claims against the Released Parties. REV Group, Plaintiffs, and each of the Current REV Group Shareholders shall be deemed to have, and by operation of the Judgment shall have, covenanted not to sue any Released Party or any of their Related Persons with respect to any Released Claims, except to enforce the releases and other terms and conditions contained in this Stipulation and/or the Judgment entered pursuant thereto.

Why is there a Settlement?

The Court has not decided in favor of the Defendants or the Plaintiffs. Instead, both sides agreed to the Settlement to avoid the distraction, costs, and risks of further litigation, and because the Settlement, including the corporate governance enhancements that the Company will adopt as

part of the Settlement, provides a substantial benefit to, and is in the best interests of, REV Group and its shareholders.

The Defendants have denied, and continue to deny, each and every claim and contention alleged by Plaintiffs in the Derivative Actions and affirm that they have acted properly, lawfully, and in full accord with their fiduciary duties, at all times. Further, the Defendants have denied expressly, and continue to deny, all allegations of wrongdoing, fault, liability, or damage against them arising out of any of the conduct, statements, acts or omissions alleged, or that could have been alleged, in the Derivative Actions and deny that they have ever committed or attempted to commit any violations of law, any breach of fiduciary duty owed to REV Group or its shareholders, or any wrongdoing whatsoever. The Defendants further deny that REV Group has suffered any damage, injury or other harm as a result of any action or inaction on their part. Had the terms of this Stipulation not been reached, the Defendants would have continued to contest vigorously Plaintiffs' allegations, and the Defendants maintain that they had and have meritorious defenses to all claims alleged in the Derivative Actions. Without admitting the validity of any of the claims that Plaintiffs have asserted in the Derivative Actions, or any liability with respect thereto, the Defendants have concluded that the Settlement is in the best interest of REV Group and accordingly have determined that it is desirable that the claims be settled on the terms and subject to the conditions set forth herein.

<u>The Settlement Hearing and Your Right to Object to the Settlement</u>

Any Current REV Group Shareholder who wishes to object to the fairness, reasonableness, or adequacy of the Settlement as set forth in the Stipulation, or to the proposed award of attorneys' fees and expenses, may file with the Court a written objection. At least fourteen (14) calendar days prior to the Settlement Hearing, an objector must: (1) file with the Clerk of the Court and serve upon the below listed counsel a written objection to the Settlement setting forth (a) the nature of the objection, (b) proof of ownership of REV Group common stock as of December 16, 2021 and through the date of the Settlement Hearing (including the number of shares of REV Group common stock held and the date of purchase), (c) any and all documentation or evidence in support of such objection, and (d) the identities of any cases, by name, court, and docket number, in which the shareholder or his, her, or its attorney has objected to a settlement in the last three years; and (2) if intending to appear and requesting to be heard at the Settlement Hearing, he, she, or it must, in addition to the requirements of (1) above, file with the Clerk of the Court and serve on the below counsel (a) a written notice of his, her, or its intention to appear at the Settlement Hearing, (b) a statement that indicates the basis for such appearance, (c) the identities of any witnesses he, she, or it intends to call at the Settlement Hearing and a statement as to the subjects of their testimony, and (d) any and all evidence that would be presented at the Settlement Hearing. **Any objector who does not timely file and serve a notice of intention to appear in accordance with this paragraph shall be foreclosed from raising any objection to the Settlement and shall not be permitted to appear at the Settlement Hearing, except for good cause shown.**

*IF YOU MAKE A WRITTEN OBJECTION, IT MUST BE ON FILE WITH THE CLERK OF THE COURT NO LATER THAN _____ __, 202_.* The Clerk's address is:

Clerk of the Court
U.S.D.C. Eastern District of Wisconsin
United States Federal Building and Courthouse
517 E. Wisconsin Avenue, Room 362
Milwaukee, Wisconsin, 53202

*YOU ALSO MUST DELIVER COPIES OF THE MATERIALS TO PLAINTIFFS' COUNSEL AND DEFENDANTS' COUNSEL SO THEY ARE RECEIVED NO LATER THAN _____ __, 202_. Counsel's addresses are:*

**Counsel for Plaintiff**
Thomas J. McKenna
Gregory M. Egleston
GAINEY McKENNA & EGLESTON
501 Fifth Avenue, 19th Floor
New York, NY 10017

**Counsel for Plaintiff**
Phillip Kim
THE ROSEN LAW FIRM, P.A.
275 Madison Avenue, 40th Floor
New York, NY 10016

**Counsel for the Defendants**
Randall W. Bodner
ROPES & GRAY LLP
Prudential Tower, 800 Boylston Street
Boston, MA 02199

An objector may file an objection on his, her or its own or through an attorney hired at his, her or its own expense. If an objector hires an attorney to represent him, her or it for the purposes of making such objection, the attorney must serve a notice of appearance on the counsel listed above and file such notice with the Court no later than fourteen (14) calendar days before the Settlement Hearing. Any REV Group shareholder who does not timely file and serve a written objection complying with the above terms shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred.

Any objector who files and serves a timely, written objection in accordance with the instructions above, may appear at the Settlement Hearing either in person or through counsel retained at the objector's expense. Objectors need not attend the Settlement Hearing, however, in order to have their objections considered by the Court.

If you are a Current REV Group Shareholder and do not take steps to appear in this action and object to the proposed Settlement, you will be bound by the Judgment of the Court and will

-4-

forever be barred from raising an objection to such settlement in this or any other action or proceeding, and from pursuing any of the Released Claims.

If you held REV Group common stock as of December 16, 2021 and continue to hold such stock, you may have certain rights in connection with the proposed Settlement. You may obtain further information by contacting counsel for Plaintiffs at: Thomas J. McKenna, Gainey McKenna & Egleston, 501 Fifth Avenue, 19th Floor, New York, NY 10017, Telephone: (212) 983-1300, Email: tjmckenna@gme-law.com; or Phillip Kim, The Rosen Law Firm, P.A., 275 Madison Avenue, 40th Floor, New York, NY 10016, Telephone: (212) 686-1060, Email: pkim@rosenlegal.com. **Please Do Not Call the Court or Defendants with Questions About the Settlement.**

# EXHIBIT C

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| IN RE REV GROUP, INC. DERIVATIVE ACTION | Lead Case No. 2:21-cv-283-LA |

## [PROPOSED] ORDER PRELIMINARILY APPROVING DERIVATIVE SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, a consolidated derivative action is pending in this Court entitled *In re REV Group, Inc. Derivative Action*, 2:21-cv-283-LA (E.D. Wis.) (the "Consolidated Derivative Action");

WHEREAS, the proposed "Executrix of the Estate of Melvyn Klein," whose petition is pending in Surrogate Court, Nassau County, State of New York, and Travis Voll (together, "Plaintiffs"), nominal defendant REV Group, Inc. ("REV Group" or the "Company") and defendants Tim Sullivan, Paul Bamatter, Jean Marie Canan, Dino Cusumano, Charles Dutil, Justin Fish, Kim Marvin, Joel Rotroff, and Donn Viola (collectively, the "Individual Defendants"), have determined to settle the Released Claims in their entirety and as against all Defendants with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated December 7, 2021 (the "Stipulation"), subject to the approval of this Court (the "Settlement");

WHEREAS, the parties have made an application for an order: (i) preliminarily approving the Settlement in accordance with the Stipulation and allowing notice to the Current REV Group Shareholders (as defined below and described more fully herein);

WHEREAS, all capitalized terms contained herein shall have the same meanings as set forth in the Stipulation (unless otherwise defined herein); and

WHEREAS, the Court has read and considered the Stipulation and the exhibits annexed thereto, and all the Parties have consented to the entry of this Preliminary Approval Order;

NOW THEREFORE, IT IS HEREBY ORDERED:

1. **Jurisdiction** – The Court has jurisdiction over the subject matter of the Consolidated Derivative Action, the Settlement, and over the Parties to the Stipulation.

2. **Preliminary Approval of the Settlement** – The Court does hereby preliminarily approve, subject to further consideration at the Settlement Hearing described below, the Stipulation and the settlement set forth therein (the "Settlement"), including the terms and conditions for settlement and dismissal with prejudice of the Consolidated Derivative Action.

3. In connection with preliminary approval of the proposed Settlement, the Court preliminarily finds, for the purposes of the Settlement only, that the Consolidated Derivative Action was properly brought pursuant to Federal Rule of Civil Procedure 23.1 as a shareholder derivative action on behalf of REV Group, and that Plaintiffs fairly and adequately represent the interests of Current REV Group Shareholders in enforcing the rights of REV Group.

4. **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on _____ , 202_, at __:__ _.m. before the Honorable Lynn Adelman, in Courtroom 390 of the United States Federal Building and Courthouse, 517 E. Wisconsin Avenue, Room 362, Milwaukee, Wisconsin, 53202, with the discretion to proceed telephonically or remotely, to determine: (i) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to REV Group and Current REV Group Shareholders and should be finally approved by the Court; (ii) whether the Judgment finally approving the Settlement, substantially in the form of Exhibit D attached to the Stipulation, should be entered, dismissing the Consolidated Derivative Action with prejudice, and releasing and enjoining the prosecution of any and all Released Claims;

(iii) consider the payment to Plaintiffs' Counsel of attorneys' fees and expenses; and (iv) consider the payment of Service Awards to Plaintiffs, which shall be funded from the attorneys' fees and expenses awarded by the Court. At the Settlement Hearing, the Court may hear or consider such other matters as the Court may deem necessary and appropriate.

5.     The Court reserves the right to adjourn the date of the Settlement Hearing or modify any other dates set forth herein without further notice to Current REV Group Shareholders and retains jurisdiction to consider all further applications arising out of or connected with the Settlement. The Court may approve the Settlement and any of its terms, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to Current REV Group Shareholders.

6.     **Notice** – The Court approves, as to form and content, the Notice attached as Exhibit B to the Stipulation, and finds that issuing the Notice through a filing with the SEC and posting the Notice and Stipulation on the investor relations portion of REV Group's corporate website substantially in the manner and form set forth in this Order meets the requirements of Federal Rule of Civil Procedure 23.1 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to Current REV Group Shareholders and all other Persons entitled thereto.

7.     Within ten (10) calendar days following entry of this Order, REV Group shall cause the Notice to be filed with the SEC through a Form 8-K, and REV Group shall publish, and maintain publication through the date of the Settlement Hearing, the Notice and Stipulation on a webpage that REV Group shall create for this purpose, which shall be accessible via a link on the investor relations portion of REV Group's website, the address of which shall be contained in the Notice.

8.      At least ten (10) calendar days prior to the Settlement Hearing, Defendants' Counsel shall file with the Court, proof, by affidavit or declaration, of the issuance and filing of the Notice of the Settlement pursuant to the terms of this Order.

9.      **Appearance and Objections at Settlement Hearing** – Any Current REV Group Shareholder may object and/or appear and show cause, if he, she, or it has any concern why the Settlement should not be finally approved as fair, reasonable, and adequate, why the Judgment should not be entered thereon, or why Plaintiffs' Counsel's application for attorneys' fees and expenses or Service Awards to Plaintiffs should not be finally approved; provided, however, unless otherwise ordered by the Court, that no Current REV Group Shareholder shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, or, if approved, the Judgment to be entered thereon approving the same, or Plaintiffs' Counsel's application for attorneys' fees and expenses or Service Awards to Plaintiffs, unless that shareholder has, at least fourteen (14) calendar days prior to the Settlement Hearing: (1) filed with the Clerk of the Court a written objection to the Settlement setting forth (a) the nature of the objection, (b) proof of ownership of REV Group common stock as of the date of the Stipulation and through the date of the Settlement Hearing, including the number of shares of REV Group common stock held and the date of purchase, (c) any and all documentation or evidence in support of such objection, and (d) the identities of any cases, by name, court, and docket number, in which the stockholder or his, her, or its attorney has objected to a settlement in the last three years; and (2) if a Current REV Group Shareholder intends to appear and requests to be heard at the Settlement Hearing, such shareholder must have, in addition to the requirements of (1) above, filed with the Clerk of the Court (a) a written notice of such shareholder's intention to appear at the Settlement Hearing, (b) a statement that indicates the basis for such appearance, (c) the identities of any witnesses the shareholder

intends to call at the Settlement Hearing and a statement as to the subjects of their testimony, and (d) any and all evidence that would be presented at the Settlement Hearing. If a Current REV Group Shareholder files a written objection and/or written notice of intent to appear, such shareholder must also serve copies of such notice, proof, statement, and documentation, together with copies of any other papers or briefs such shareholder files with the Court (either by hand delivery or by first class mail), such that they are received at least fourteen (14) days prior to the Settlement Hearing, upon each of the following:

**Counsel for Plaintiff**
Thomas J. McKenna
Gregory M. Egleston
GAINEY McKENNA & EGLESTON
501 Fifth Avenue, 19th Floor
New York, NY 10017

**Counsel for Plaintiff**
Phillip Kim
THE ROSEN LAW FIRM, P.A.
275 Madison Avenue, 40th Floor
New York, NY 10016

**Counsel for the Defendants**
Randall W. Bodner
ROPES & GRAY LLP
Prudential Tower, 800 Boylston Street
Boston, MA 02199

Any Current REV Group Shareholder who does not make his, her, or its objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement, unless otherwise ordered by the Court, but shall be forever bound by the Judgment to be entered, the dismissal of the Action with prejudice, and any and all of the releases set forth in the Stipulation.

10. All Current REV Group Shareholders shall be bound by all orders, determinations, and judgments in the Consolidated Derivative Action concerning the Settlement, whether favorable or unfavorable to Current REV Group Shareholders.

11. **Stay** – All proceedings in the Consolidated Derivative Action are stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation and this Order. This Court retains exclusive jurisdiction over the Consolidated Derivative Action to consider all further matters arising out of or connected with the Settlement.

12. Pending final determination of whether the Settlement should be approved, neither Plaintiffs, Plaintiffs' Counsel, nor any Current REV Group Shareholders or other Persons, derivatively on behalf of REV Group, shall commence or prosecute, or in any way instigate or participate in the commencement or prosecution of, any action or proceeding asserting any Released Claims against any of the Released Persons in any court or tribunal.

13. **Use of this Order** – The facts and terms of the Stipulation, including any exhibits attached thereto, all proceedings in connection with the Settlement, and any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement:

    a. shall not be offered, received, or used in any way against the Parties as evidence of, or be deemed to be evidence of, a presumption, concession, or admission by any of the Parties with respect to the truth of any fact alleged by Plaintiffs or the validity, or lack thereof, of any claim that has been or could have been asserted in the Consolidated Derivative Action or in any litigation, or the deficiency, infirmity, or validity of any defense that has been or could have been asserted in the

Consolidated Derivative Action or in any litigation, or of any fault, wrongdoing, negligence, or liability of any of the Released Parties;

b. shall not be offered, received, or used in any way against any of the Released Parties as evidence of, or be deemed to be evidence of, a presumption, concession, or admission of any fault, misrepresentation or omission with respect to any statement or written document approved, issued, or made by any Released Parties;

c. shall not be offered, received, or used in any way against any of the Released Parties as evidence of, or be deemed to be evidence of, a presumption, concession, or admission of any liability, fault, negligence, omission or wrongdoing, or in any way referred to for any other reason as against the Released Parties, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding in any court, administrative agency, or other tribunal; and

d. shall not be offered, received, or used in any ways against any of the Plaintiffs or Plaintiffs' Counsel as evidence of, or be deemed to be evidence of, a presumption, concession, or admission that any of Plaintiffs' claims are without merit or that Plaintiffs would not have been able to prevail on their claims at trial.

14. Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance thereof, shall be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement; provided, however, that if finally approved, the Released Parties may refer to the Settlement, and file the Stipulation and/or the Judgment, in any action that may be brought against them to effectuate the liability protections granted them thereunder, including, without limitation, to support a defense or claim based on principles of res judicata, collateral estoppel, full faith and credit, release, standing, good faith settlement, judgment

bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or claim under U.S. federal or state law or foreign law.

15. **Supporting Papers** Plaintiffs shall file and serve the opening papers in support of final approval of the proposed Settlement and Plaintiffs' Counsel's motion for attorneys' fees and expenses no later than twenty-eight (28) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

16. **Termination of Settlement** – If the Stipulation is terminated pursuant to its terms, or the Effective Date does not otherwise occur, all proceedings in the Consolidated Derivative Action will revert to their status as of the date immediately preceding the date of the Stipulation.

SO ORDERED this _____ day of _____, 202_.

_____
The Honorable Lynn Adelman
United States District Judge

# EXHIBIT D

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| IN RE REV GROUP, INC. DERIVATIVE ACTION | Lead Case No. 2:21-cv-283-LA |

## [PROPOSED] JUDGMENT APPROVING DERIVATIVE SETTLEMENT

WHEREAS, the Executrix of the Estate of Melvyn Klein and Travis Voll (together, "Plaintiffs"), nominal defendant REV Group, Inc. ("REV Group" or the "Company"), and defendants Tim Sullivan, Paul Bamatter, Jean Marie Canan, Dino Cusumano, Charles Dutil, Justin Fish, Kim Marvin, Joel Rotroff, and Donn Viola (collectively, the "Individual Defendants" and together with REV Group, the "Defendants") (Plaintiffs and Defendants shall herein be collectively referred to as the "Parties"), have entered into a Stipulation and Agreement of Settlement dated December 16, 2021 (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted against Defendants in the Consolidated Derivative Action;

WHEREAS, by Order dated _____ __, 202_ (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) ordered that notice of the proposed Settlement be provided to Current REV Group Shareholders; (c) provided Current REV Group Shareholders with the opportunity to object to the proposed Settlement; and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to Current REV Group Shareholders; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record before the Court, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. **Jurisdiction** –This Court has jurisdiction over the subject matter of the Consolidated Derivative Action, including all matters necessary to effectuate the Settlement, and over all Parties.

2. **Incorporation of Settlement Documents** – This Final Order and Judgment incorporates by reference the definitions in the Stipulation, and except where otherwise specified herein, all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

3. **Notice** – The Court finds that the Notice attached as Exhibit B to the Stipulation, or in such other form as the Court has directed, issued through filing with the SEC and posted on REV Group's website fully satisfied the requirements of Federal Rule of Civil Procedure 23.1 and due process, and provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the Settlement set forth in the Stipulation, to all persons entitled to such notice.

4. **Objections** – A full opportunity has been offered to Current REV Group Shareholders to object to the proposed Settlement and to participate in a hearing thereon, and, as such, all Current REV Group Shareholders are bound by this Order.

5. **Final Settlement Approval and Dismissal of Claims** – This Court finds that the Settlement set forth in the Stipulation is fair, reasonable, and adequate as to each of the Parties and

Current REV Group Shareholders, and hereby finally approves the Settlement in all respects and orders the Parties to perform its terms to the extent the Parties have not already done so.

6. The Consolidated Derivative Action, all claims contained therein, and all other Released Claims, are hereby ordered as fully, finally, and forever compromised, settled, released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Judgment. The Parties are to bear their own costs, except as otherwise provided in the Stipulation.

7. **<u>Binding Effect</u>** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Plaintiffs, and all other Current REV Group Shareholders.

8. **<u>Releases</u>** – The Releases set forth in paragraphs 20–22 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

a. Without further action by anyone, upon the Effective Date of the Settlement, REV Group, Plaintiffs, and each of the Current REV Group Shareholders shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, and discharged all Released Claims against the Released Parties and their Related Persons. REV Group, Plaintiffs, and each of the Current REV Group Shareholders shall be deemed to have, and by operation of this Judgment shall have, covenanted not to sue any Released Party or any of their Related Persons with respect to any Released Claims, and shall be permanently barred and enjoined from instituting, commencing, or prosecuting the Released Claims against any Released Party or Defendants' Counsel.

3

b.     Without further action by anyone, upon the Effective Date, each of the REV Group and the Individual Defendants shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged each and all of Plaintiffs and Plaintiffs' Counsel from the Released Defendants' Claims.  REV Group and the Individual Defendants shall be deemed to have, and by operation of the Judgment shall have, covenanted not to sue Plaintiffs or Plaintiffs' Counsel with respect to any Released Defendants' Claims, and shall be permanently barred and enjoined from instituting, commencing, or prosecuting Released Defendants' Claims against Plaintiffs or Plaintiffs' Counsel.

9.     Notwithstanding paragraphs 8(a) – (b) above, nothing in the Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

10.     **Rule 11 Findings** – The Court finds that during the course of the Consolidated Derivative Action, the Parties and their counsel at all times complied with Rule 11 of the Federal Rules of Civil Procedure.

11.     **No Admissions** – Neither this Judgment, the Stipulation, including any exhibits thereto the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

a.     shall be offered, received, or used in any way against the Parties as evidence of, or be deemed to be evidence of— or a presumption, concession, or admission by any of the Parties with respect to the truth of—any fact alleged by Plaintiffs or the validity, or lack thereof, of any claim that has been or could have been asserted in the Derivative Actions or in any litigation, or the deficiency, infirmity, or validity of any defense that has been or could have been asserted in

the Derivative Actions or in any litigation, or of any fault, wrongdoing, negligence, or liability of any of the Released Parties;

        b.     shall be offered, received, or used in any way against any of the Released Parties as evidence of, or be deemed to be evidence of, a presumption, concession, or admission of any fault, misrepresentation or omission with respect to any statement or written document approved, issued, or made by any Released Party;

        c.     shall be offered, received, or used in any way against any of the Released Parties as evidence of, or be deemed to be evidence of, a presumption, concession, or admission of any liability, fault, negligence, omission or wrongdoing, or in any way referred to for any other reason as against the Released Parties, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding in any court, administrative agency, or other tribunal; or

        d.     shall be offered, received, or used in any ways against any of the Plaintiffs or Plaintiffs' Counsel as evidence of, or be deemed to be evidence of, a presumption, concession, or admission that any of Plaintiffs' claims are without merit or that Plaintiffs would not have been able to prevail on their claims at trial; *provided, however,* that the Parties and their respective counsel may refer to this Judgment and the Stipulation to effectuate protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

        12.    **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, the Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement; and (b) all Parties for the purpose of construing, enforcing, and administering the Stipulation and this Judgment.

13.    **Fees and Expenses** – The Court finds that the Fee and Expense Award in the amount of three hundred and sixty thousand dollars ($360,000.00) is fair and reasonable, in accordance with the Stipulation, and finally approves the Fee and Expense Award.

14.    **Plaintiffs' Awards** – The Court finds that the Service Awards to Plaintiffs in the amount of $5,000 are fair and reasonable, in accordance with the Stipulation, and finally approves the Service Awards, which shall be funded from Plaintiffs' Counsel's Fee and Expense Award.

15.    **Modification of the Settlement** – The Parties are hereby authorized, without further approval from the Court, to unanimously agree to and adopt in writing such amendments, modifications, and expansions of the Stipulation and all exhibits attached thereto, provided that such amendments, modifications, and expansions of the Stipulation are done in accordance with the terms of Paragraph 43 of the Stipulation and are not materially inconsistent with the Judgment and do not materially limit the rights of REV Group shareholders or the Released Parties under the Stipulation.

16.    **Termination of the Settlement** – If the Effective Date of the Settlement fails to occur, this Judgment shall be vacated, rendered null and void and of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Plaintiffs, the other Current REV Group Shareholders and Defendants, and the Parties shall revert to their respective positions in the Consolidated Derivative Action as of the date and time immediately prior to the execution of the Stipulation, as provided therein.

17.    **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this action, dismissing this action with prejudice in accordance with Rule 58 of the Federal Rules of Civil Procedure.

6

SO ORDERED this _____ day of _____, 202_.

_____
The Honorable Lynn Adelman
United States District Judge

7