UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| IN RE REV GROUP, INC. DERIVATIVE ACTION | Lead Case No. 2:21-cv-283-LA |

**ORDER PRELIMINARILY APPROVING DERIVATIVE SETTLEMENT AND PROVIDING FOR NOTICE**

WHEREAS, a consolidated derivative action is pending in this Court entitled *In re REV Group, Inc. Derivative Action*, 2:21-cv-283-LA (E.D. Wis.) (the "Consolidated Derivative Action");

WHEREAS, the proposed "Executrix of the Estate of Melvyn Klein," whose petition is pending in Surrogate Court, Nassau County, State of New York, and Travis Voll (together, "Plaintiffs"), nominal defendant REV Group, Inc. ("REV Group" or the "Company") and defendants Tim Sullivan, Paul Bamatter, Jean Marie Canan, Dino Cusumano, Charles Dutil, Justin Fish, Kim Marvin, Joel Rotroff, and Donn Viola (collectively, the "Individual Defendants"), have determined to settle the Released Claims in their entirety and as against all Defendants with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated December 7, 2021 (the "Stipulation"), subject to the approval of this Court (the "Settlement");

WHEREAS, the parties have made an application for an order: (i) preliminarily approving the Settlement in accordance with the Stipulation and allowing notice to the Current REV Group Shareholders (as defined below and described more fully herein);

WHEREAS, all capitalized terms contained herein shall have the same meanings as set forth in the Stipulation (unless otherwise defined herein); and

WHEREAS, the Court has read and considered the Stipulation and the exhibits annexed thereto, and all the Parties have consented to the entry of this Preliminary Approval Order;

NOW THEREFORE, IT IS HEREBY ORDERED:

1. **Jurisdiction** – The Court has jurisdiction over the subject matter of the Consolidated Derivative Action, the Settlement, and over the Parties to the Stipulation.

2. **Preliminary Approval of the Settlement** – The Court does hereby preliminarily approve, subject to further consideration at the Settlement Hearing described below, the Stipulation and the settlement set forth therein (the "Settlement"), including the terms and conditions for settlement and dismissal with prejudice of the Consolidated Derivative Action.

3. In connection with preliminary approval of the proposed Settlement, the Court preliminarily finds, for the purposes of the Settlement only, that the Consolidated Derivative Action was properly brought pursuant to Federal Rule of Civil Procedure 23.1 as a shareholder derivative action on behalf of REV Group, and that Plaintiffs fairly and adequately represent the interests of Current REV Group Shareholders in enforcing the rights of REV Group.

4. **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on November 17, 2022, at 10:00 a.m. before the Honorable Lynn Adelman, in Courtroom 390 of the United States Federal Building and Courthouse, 517 E. Wisconsin Avenue, Room 362, Milwaukee, Wisconsin, 53202, with the discretion to proceed telephonically or remotely, to determine: (i) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to REV Group and Current REV Group Shareholders and should be finally approved by the Court; (ii) whether the Judgment finally approving the Settlement, substantially in the form of Exhibit D attached to the Stipulation, should be entered, dismissing the Consolidated Derivative Action with prejudice, and releasing and enjoining the prosecution of any and all Released Claims;

(iii) consider the payment to Plaintiffs' Counsel of attorneys' fees and expenses; and (iv) consider the payment of Service Awards to Plaintiffs, which shall be funded from the attorneys' fees and expenses awarded by the Court. At the Settlement Hearing, the Court may hear or consider such other matters as the Court may deem necessary and appropriate.

5. The Court reserves the right to adjourn the date of the Settlement Hearing or modify any other dates set forth herein without further notice to Current REV Group Shareholders and retains jurisdiction to consider all further applications arising out of or connected with the Settlement. The Court may approve the Settlement and any of its terms, with such modifications as may be agreed to by the Parties, if appropriate, without further notice to Current REV Group Shareholders.

6. **<u>Notice</u>** – The Court approves, as to form and content, the Notice attached as Exhibit B to the Stipulation, and finds that issuing the Notice through a filing with the SEC and posting the Notice and Stipulation on the investor relations portion of REV Group's corporate website substantially in the manner and form set forth in this Order meets the requirements of Federal Rule of Civil Procedure 23.1 and due process, is the best notice practicable under the circumstances, and shall constitute due and sufficient notice to Current REV Group Shareholders and all other Persons entitled thereto.

7. Within ten (10) calendar days following entry of this Order, REV Group shall cause the Notice to be filed with the SEC through a Form 8-K, and REV Group shall publish, and maintain publication through the date of the Settlement Hearing, the Notice and Stipulation on a webpage that REV Group shall create for this purpose, which shall be accessible via a link on the investor relations portion of REV Group's website, the address of which shall be contained in the Notice.

8. At least ten (10) calendar days prior to the Settlement Hearing, Defendants' Counsel shall file with the Court, proof, by affidavit or declaration, of the issuance and filing of the Notice of the Settlement pursuant to the terms of this Order.

9. **<u>Appearance and Objections at Settlement Hearing</u>** – Any Current REV Group Shareholder may object and/or appear and show cause, if he, she, or it has any concern why the Settlement should not be finally approved as fair, reasonable, and adequate, why the Judgment should not be entered thereon, or why Plaintiffs' Counsel's application for attorneys' fees and expenses or Service Awards to Plaintiffs should not be finally approved; provided, however, unless otherwise ordered by the Court, that no Current REV Group Shareholder shall be heard or entitled to contest the approval of the terms and conditions of the Settlement, or, if approved, the Judgment to be entered thereon approving the same, or Plaintiffs' Counsel's application for attorneys' fees and expenses or Service Awards to Plaintiffs, unless that shareholder has, at least fourteen (14) calendar days prior to the Settlement Hearing: (1) filed with the Clerk of the Court a written objection to the Settlement setting forth (a) the nature of the objection, (b) proof of ownership of REV Group common stock as of the date of the Stipulation and through the date of the Settlement Hearing, including the number of shares of REV Group common stock held and the date of purchase, (c) any and all documentation or evidence in support of such objection, and (d) the identities of any cases, by name, court, and docket number, in which the stockholder or his, her, or its attorney has objected to a settlement in the last three years; and (2) if a Current REV Group Shareholder intends to appear and requests to be heard at the Settlement Hearing, such shareholder must have, in addition to the requirements of (1) above, filed with the Clerk of the Court (a) a written notice of such shareholder's intention to appear at the Settlement Hearing, (b) a statement that indicates the basis for such appearance, (c) the identities of any witnesses the shareholder

intends to call at the Settlement Hearing and a statement as to the subjects of their testimony, and (d) any and all evidence that would be presented at the Settlement Hearing.  If a Current REV Group Shareholder files a written objection and/or written notice of intent to appear, such shareholder must also serve copies of such notice, proof, statement, and documentation, together with copies of any other papers or briefs such shareholder files with the Court (either by hand delivery or by first class mail), such that they are received at least fourteen (14) days prior to the Settlement Hearing, upon each of the following:

**Counsel for Plaintiff**
Thomas J. McKenna
Gregory M. Egleston
GAINEY McKENNA & EGLESTON
501 Fifth Avenue, 19th Floor
New York, NY 10017

**Counsel for Plaintiff**
Phillip Kim
THE ROSEN LAW FIRM, P.A.
275 Madison Avenue, 40th Floor
New York, NY 10016

**Counsel for the Defendants**
Randall W. Bodner
ROPES & GRAY LLP
Prudential Tower, 800 Boylston Street
Boston, MA 02199

Any Current REV Group Shareholder who does not make his, her, or its objection in the manner provided herein shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, reasonableness, or adequacy of the Settlement, unless otherwise ordered by the Court, but shall be forever bound by the Judgment to be entered, the dismissal of the Action with prejudice, and any and all of the releases set forth in the Stipulation.

10. All Current REV Group Shareholders shall be bound by all orders, determinations, and judgments in the Consolidated Derivative Action concerning the Settlement, whether favorable or unfavorable to Current REV Group Shareholders.

11. **Stay** – All proceedings in the Consolidated Derivative Action are stayed until further order of the Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation and this Order.  This Court retains exclusive jurisdiction over the Consolidated Derivative Action to consider all further matters arising out of or connected with the Settlement.

12. Pending final determination of whether the Settlement should be approved, neither Plaintiffs, Plaintiffs' Counsel, nor any Current REV Group Shareholders or other Persons, derivatively on behalf of REV Group, shall commence or prosecute, or in any way instigate or participate in the commencement or prosecution of, any action or proceeding asserting any Released Claims against any of the Released Persons in any court or tribunal.

13. **Use of this Order** – The facts and terms of the Stipulation, including any exhibits attached thereto, all proceedings in connection with the Settlement, and any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement:

   a. shall not be offered, received, or used in any way against the Parties as evidence of, or be deemed to be evidence of, a presumption, concession, or admission by any of the Parties with respect to the truth of any fact alleged by Plaintiffs or the validity, or lack thereof, of any claim that has been or could have been asserted in the Consolidated Derivative Action or in any litigation, or the deficiency, infirmity, or validity of any defense that has been or could have been asserted in the

Consolidated Derivative Action or in any litigation, or of any fault, wrongdoing, negligence, or liability of any of the Released Parties;

b. shall not be offered, received, or used in any way against any of the Released Parties as evidence of, or be deemed to be evidence of, a presumption, concession, or admission of any fault, misrepresentation or omission with respect to any statement or written document approved, issued, or made by any Released Parties;

c. shall not be offered, received, or used in any way against any of the Released Parties as evidence of, or be deemed to be evidence of, a presumption, concession, or admission of any liability, fault, negligence, omission or wrongdoing, or in any way referred to for any other reason as against the Released Parties, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding in any court, administrative agency, or other tribunal; and

d. shall not be offered, received, or used in any ways against any of the Plaintiffs or Plaintiffs' Counsel as evidence of, or be deemed to be evidence of, a presumption, concession, or admission that any of Plaintiffs' claims are without merit or that Plaintiffs would not have been able to prevail on their claims at trial.

14. Neither the Stipulation nor the Settlement, nor any act performed or document executed pursuant to or in furtherance thereof, shall be admissible in any proceeding for any purpose, except to enforce the terms of the Settlement; provided, however, that if finally approved, the Released Parties may refer to the Settlement, and file the Stipulation and/or the Judgment, in any action that may be brought against them to effectuate the liability protections granted them thereunder, including, without limitation, to support a defense or claim based on principles of res judicata, collateral estoppel, full faith and credit, release, standing, good faith settlement, judgment

bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or claim under U.S. federal or state law or foreign law.

15. **Supporting Papers** Plaintiffs shall file and serve the opening papers in support of final approval of the proposed Settlement and Plaintiffs' Counsel's motion for attorneys' fees and expenses no later than twenty-eight (28) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

16. **Termination of Settlement** – If the Stipulation is terminated pursuant to its terms, or the Effective Date does not otherwise occur, all proceedings in the Consolidated Derivative Action will revert to their status as of the date immediately preceding the date of the Stipulation. SO ORDERED this __14th__ day of _September_, 2022.

_/s/Lynn Adelman_____
The Honorable Lynn Adelman
United States District Judge