UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

| | |
|---|---|
| IN RE REV GROUP, INC. DERIVATIVE ACTION | Lead Case No. 2:21-cv-283-LA |

## JUDGMENT APPROVING DERIVATIVE SETTLEMENT

WHEREAS, the Executrix of the Estate of Melvyn Klein and Travis Voll (together, "Plaintiffs"), nominal defendant REV Group, Inc. ("REV Group" or the "Company"), and defendants Tim Sullivan, Paul Bamatter, Jean Marie Canan, Dino Cusumano, Charles Dutil, Justin Fish, Kim Marvin, Joel Rotroff, and Donn Viola (collectively, the "Individual Defendants" and together with REV Group, the "Defendants") (Plaintiffs and Defendants shall herein be collectively referred to as the "Parties"), have entered into a Stipulation and Agreement of Settlement dated December 7, 2021 (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted against Defendants in the Consolidated Derivative Action;

WHEREAS, by Order dated September 14, 2022 (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) ordered that notice of the proposed Settlement be provided to Current REV Group Shareholders; (c) provided Current REV Group Shareholders with the opportunity to object to the proposed Settlement; and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to Current REV Group Shareholders; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record before the Court, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. **<u>Jurisdiction</u>** –This Court has jurisdiction over the subject matter of the Consolidated Derivative Action, including all matters necessary to effectuate the Settlement, and over all Parties.

2. **<u>Incorporation of Settlement Documents</u>** – This Final Order and Judgment incorporates by reference the definitions in the Stipulation, and except where otherwise specified herein, all capitalized terms used herein shall have the same meanings as set forth in the Stipulation.

3. **<u>Notice</u>** – The Court finds that the Notice attached as Exhibit B to the Stipulation, or in such other form as the Court has directed, issued through filing with the SEC and posted on REV Group's website fully satisfied the requirements of Federal Rule of Civil Procedure 23.1 and due process, and provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the Settlement set forth in the Stipulation, to all persons entitled to such notice.

4. **<u>Objections</u>** – A full opportunity has been offered to Current REV Group Shareholders to object to the proposed Settlement and to participate in a hearing thereon, and, as such, all Current REV Group Shareholders are bound by this Order.

5. **<u>Final Settlement Approval and Dismissal of Claims</u>** – This Court finds that the Settlement set forth in the Stipulation is fair, reasonable, and adequate as to each of the Parties and

Current REV Group Shareholders, and hereby finally approves the Settlement in all respects and orders the Parties to perform its terms to the extent the Parties have not already done so.

6. The Consolidated Derivative Action, all claims contained therein, and all other Released Claims, are hereby ordered as fully, finally, and forever compromised, settled, released, discharged and dismissed on the merits and with prejudice by virtue of the proceedings herein and this Judgment. The Parties are to bear their own costs, except as otherwise provided in the Stipulation.

7. **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Plaintiffs, and all other Current REV Group Shareholders.

8. **Releases** – The Releases set forth in paragraphs 20–22 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

a. Without further action by anyone, upon the Effective Date of the Settlement, REV Group, Plaintiffs, and each of the Current REV Group Shareholders shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, and discharged all Released Claims against the Released Parties and their Related Persons. REV Group, Plaintiffs, and each of the Current REV Group Shareholders shall be deemed to have, and by operation of this Judgment shall have, covenanted not to sue any Released Party or any of their Related Persons with respect to any Released Claims, and shall be permanently barred and enjoined from instituting, commencing, or prosecuting the Released Claims against any Released Party or Defendants' Counsel.

b. Without further action by anyone, upon the Effective Date, each of the REV Group and the Individual Defendants shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, and discharged each and all of Plaintiffs and Plaintiffs' Counsel from the Released Defendants' Claims. REV Group and the Individual Defendants shall be deemed to have, and by operation of the Judgment shall have, covenanted not to sue Plaintiffs or Plaintiffs' Counsel with respect to any Released Defendants' Claims, and shall be permanently barred and enjoined from instituting, commencing, or prosecuting Released Defendants' Claims against Plaintiffs or Plaintiffs' Counsel.

9. Notwithstanding paragraphs 8(a) – (b) above, nothing in the Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

10. **Rule 11 Findings** – The Court finds that during the course of the Consolidated Derivative Action, the Parties and their counsel at all times complied with Rule 11 of the Federal Rules of Civil Procedure.

11. **No Admissions** – Neither this Judgment, the Stipulation, including any exhibits thereto the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation, and/or approval of the Settlement (including any arguments proffered in connection therewith):

a. shall be offered, received, or used in any way against the Parties as evidence of, or be deemed to be evidence of— or a presumption, concession, or admission by any of the Parties with respect to the truth of—any fact alleged by Plaintiffs or the validity, or lack thereof, of any claim that has been or could have been asserted in the Derivative Actions or in any litigation, or the deficiency, infirmity, or validity of any defense that has been or could have been asserted in

the Derivative Actions or in any litigation, or of any fault, wrongdoing, negligence, or liability of any of the Released Parties;

   b. shall be offered, received, or used in any way against any of the Released Parties as evidence of, or be deemed to be evidence of, a presumption, concession, or admission of any fault, misrepresentation or omission with respect to any statement or written document approved, issued, or made by any Released Party;

   c. shall be offered, received, or used in any way against any of the Released Parties as evidence of, or be deemed to be evidence of, a presumption, concession, or admission of any liability, fault, negligence, omission or wrongdoing, or in any way referred to for any other reason as against the Released Parties, in any arbitration proceeding or other civil, criminal, or administrative action or proceeding in any court, administrative agency, or other tribunal; or

   d. shall be offered, received, or used in any ways against any of the Plaintiffs or Plaintiffs' Counsel as evidence of, or be deemed to be evidence of, a presumption, concession, or admission that any of Plaintiffs' claims are without merit or that Plaintiffs would not have been able to prevail on their claims at trial; *provided, however,* that the Parties and their respective counsel may refer to this Judgment and the Stipulation to effectuate protections from liability granted hereunder and thereunder or otherwise to enforce the terms of the Settlement.

  12. **<u>Retention of Jurisdiction</u>** – Without affecting the finality of this Judgment in any way, the Court hereby retains continuing jurisdiction over: (a) implementation of the Settlement; and (b) all Parties for the purpose of construing, enforcing, and administering the Stipulation and this Judgment.

13. **Fees and Expenses** – The Court finds that the Fee and Expense Award in the amount of three hundred and sixty thousand dollars ($360,000.00) is fair and reasonable, in accordance with the Stipulation, and finally approves the Fee and Expense Award.

14. **Plaintiffs' Awards** – The Court finds that the Service Awards to Plaintiffs in the amount of $5,000 are fair and reasonable, in accordance with the Stipulation, and finally approves the Service Awards, which shall be funded from Plaintiffs' Counsel's Fee and Expense Award.

15. **Modification of the Settlement** – The Parties are hereby authorized, without further approval from the Court, to unanimously agree to and adopt in writing such amendments, modifications, and expansions of the Stipulation and all exhibits attached thereto, provided that such amendments, modifications, and expansions of the Stipulation are done in accordance with the terms of Paragraph 43 of the Stipulation and are not materially inconsistent with the Judgment and do not materially limit the rights of REV Group shareholders or the Released Parties under the Stipulation.

16. **Termination of the Settlement** – If the Effective Date of the Settlement fails to occur, this Judgment shall be vacated, rendered null and void and of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Plaintiffs, the other Current REV Group Shareholders and Defendants, and the Parties shall revert to their respective positions in the Consolidated Derivative Action as of the date and time immediately prior to the execution of the Stipulation, as provided therein.

17. **Entry of Final Judgment** – There is no just reason to delay the entry of this Judgment as a final judgment. Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this action, dismissing this action with prejudice in accordance with Rule 58 of the Federal Rules of Civil Procedure.

SO ORDERED this 17th day of November, 2023.

/s/Lynn Adelman
The Honorable Lynn Adelman
United States District Judge